UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN SCHATZKE,

        Petitioner,

v.                                                    Case No. 04-C-1165

QUALA CHAMPAGNE,

        Respondent.

**DECISION AND ORDER**

Proceeding under 28 U.S.C. § 2254, petitioner Kevin Schatzke seeks relief from his conviction and sentence. In 2000, he pleaded no contest to three counts of child enticement, one count each of sexual assault and false imprisonment, and received a sentence of 62 years of confinement plus 20 years of probation. In his present petition he raises several claims, although they are intermingled and somewhat unclear. In the state's view, which is a generous one, Schatzke asserts six claims. First, he alleges two instances of ineffective assistance of counsel relating to a police photographic array. Second, he claims the trial court erred by failing to inspect the array *in camera*. Third, he claims error because the trial court failed to appoint an expert investigator. Fourth, he claims a *Miranda* violation. Finally, he claims the trial court should have held a hearing on his post-conviction motion. For the reasons given below, the petition will be denied.

**ANALYSIS**

Under 28 U.S.C. § 2254(d), a petitioner may be granted habeas relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under the first clause, habeas relief is proper if the state court "arrive[d] at a conclusion opposite to that reached by [the] Court on a question of law" or "if the state court confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent" and reached a different result. *Williams v. Taylor,* 529 U.S. 362, 405 (2000). And, under the second clause of § 2254(d), a state court's decision will constitute an "unreasonable application" of Supreme Court precedent only if the decision is "objectively unreasonable." *Id.* at 409. This means that a decision must not only be "incorrect," but must also be "unreasonable": "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

The above standards of review apply when a claim was adjudicated on the merits in state court; they are not necessarily implicated, however, when the state court relies upon independent procedural grounds for denying relief. That is what happened here with respect to most of the petitioner's claims. Although he raised the ineffective assistance claims, as well as the trial court error claims, in his post-conviction motion under Wis. Stat. § 974.06, the court denied relief on those claims because they were procedurally defaulted. Specifically, because Schatzke could have brought those claims in his *direct* appeal, they were barred from consideration on his collateral motion.

2

As the Seventh Circuit has explained,

> When the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed. Typically this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim. A state ground is deemed "independent" for this purpose "only if the state court actually relied on a state rule sufficient to justify its decision."

*Miranda v. Leibach,* 394 F.3d 984, 991-92 (7th Cir. 2005)(citations omitted). Here, the state court of appeals "clearly and expressly" relied on procedural default as the basis of its ruling. *Harris v. Reed,* 489 U.S. 255, 263 (1989) (quotation marks omitted). It stated that under Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo,* 517 N.W.2d 157 (1994), Schatzke's claims were procedurally barred. This procedural default applied to Schatzke's claims relating to the photo array and the trial court's failure to appoint an expert. (Answer, Ex. O at 3-4.) The court of appeals noted that good cause would excuse a default, but concluded none existed and found nothing prevented Schatzke from raising the issues in the proper forum, i.e., his direct appeal.

Schatzke asserts in this petition that the court of appeals' procedural default finding was unwarranted because the default should have been excused in light of his appellate counsel's ineffectiveness. That is, he argues that his appellate counsel's erroneous failure to raise these issues on direct appeal is the cause of his procedural default. On federal review, a procedural default may be excused upon a showing of cause and prejudice. *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005).

Ineffective assistance of appellate counsel may constitute cause for a procedural default. *See Mason v. Hanks,* 97 F.3d 887, 892 (7th Cir.1996). But here the petitioner makes only a cursory argument that his appellate counsel was actually ineffective. Accordingly, there is no indication that

3

the state court of appeals was incorrect in its determination that no cause existed for Schatzke's failure to raise these issues earlier. More importantly, even if Schatzke presented a more developed argument for a finding of ineffective assistance, his efforts would be futile because (by his own admission) he never presented that claim to the state courts. *Lemons v. O'Sullivan,* 54 F.3d 357, 360 (7th Cir.1995). Indeed, in pressing a similar argument before the state court of appeals, he stated that he had "decided not to waste this court's time by circuitously attacking appellate counsel Cook's deficient performance." (Answer, Ex. M at 1-2.) Although petitioner's briefs are laced with claims of indignation and allegations of injustice and conspiracy, the federal system of review for state convictions is quite limited. The federal courts are the last, not the first, court of review for a state defendant's claims, and it is clear in this case that the petitioner failed to give the state courts the proper ability to review those claims. The claims are therefore procedurally defaulted.

What remains is Schatzke's claim that the trial court erred in failing to conduct an evidentiary hearing on his § 974.06 motion. To the extent the failure to conduct a hearing could be violative of a defendant's due process rights, there is no indication that any such violation occurred here. The state court of appeals addressed this issue, noting first that trial courts have discretion to hold or not hold hearings depending on whether the defendant raises significant issues of fact. (Answer, Ex. O at 4.) Schatzke continues to press the argument that the trial court was required to conduct a hearing under state law, but nowhere does he demonstrate how the court's failure (assuming it violated state law) unreasonably applied or contravened federal law or Supreme Court precedent. *See* 28 U.S.C. § 2254(d). Moreover, he does not even attempt to show how the court of appeals' determination that no hearing was required was itself a contradiction or unreasonable application of Supreme Court precedent. Accordingly, this claim does not warrant habeas relief.

4

To the extent the state believed the petitioner raised any other arguments that were not defaulted, such as those potentially based on *Miranda v. Arizona* or *Edwards v. Arizona,* he has expressly waived them. Indeed, in his reply brief he calls the issues he has preserved for federal review "born loser issues." (Reply Br. at 4.) It appears that his efforts are directed not at litigating any preserved issues but at demonstrating the incompetence of his lawyer, apparently in an attempt to overcome the procedural default of his other claims. But again, the ineffectiveness of his appellate counsel was an independent issue that needed to be raised in the state courts before it could be addressed here.

Accordingly, as I find no grounds for the granting of relief, the petition is denied and the case is dismissed.

**SO ORDERED** this   24th   day of January, 2006.

                                                                          s/ William C. Griesbach
                                                                          William C. Griesbach
                                                                          United States District Judge