# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KEVIN SCHATZKE,

        Petitioner,

    v.                               Case No. 04-C-1165

QUALA CHAMPAGNE,

        Respondent.

## ORDER

Habeas petitioner Kevin Schatzke filed a notice of appeal of my dismissal of his case. He also added a petition for leave to proceed on appeal in forma pauperis, as well as a motion for reconsideration.

## I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

I dismissed the bulk of petitioner's case not based on the merits, but on a procedural ground of default. Even if I had reached the merits of his procedurally defaulted claims, however, the result would have been the same. I conclude that none of the claims asserted by petitioner warrant further consideration. In my opinion, reasonable jurists would agree on that score. As to those claims that were not procedurally defaulted, I concluded that they were either completely lacking in merit or were essentially abandoned by the petitioner, given his own description of them. I see no reason to change my assessment. Accordingly, petitioner's request for a certificate of appealability will be denied.

## II. REQUEST FOR IFP STATUS ON APPEAL

Petitioner also requests in forma pauperis status so that he may avoid paying the appellate filing fee of $255. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The increase in price makes the current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. The fact that I have denied petitioner's request for a certificate of appealability is not determinative of the

2

question whether his appeal is taken in good faith. This is because "the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, I conclude that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned, he should be allowed to proceed. His affidavit of indigence indicates very little in the way of funds, and no ability to pay the filing fee. IFP status is therefore granted.

### III. MOTION FOR RECONSIDERATION

Motions for reconsideration are frowned upon and are not meant to be vehicles for rehashing arguments already presented. If circumstances justify relief, however, they may be considered. Petitioner presents no new arguments and merely concludes that this court misapplied the law in his case and butchered the claims he raised. That is an argument properly made to the court of appeals, and the motion for reconsideration is therefore denied.

3

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is denied.

However, I certify that the appeal has been taken in good faith.

**IT IS FURTHER ORDERED** that petitioner's request for in forma pauperis status on appeal is granted.

**IT IS FURTHER ORDERED** that the motion for reconsideration is denied.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL  60604.

Dated this   16th   day of February, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4